STEPHEN PRESCOTT ET AL. *v.* CITY OF
MERIDEN ET AL.
(AC 23556)

Foti, Schaller and Dranginis, Js.

Argued October 30—officially released December 30, 2003

*Lori Welch-Rubin*, with whom was *David Johnson*, for the appellants (plaintiffs).

*Lisa K. Titus*, with whom were *Thomas R. Gerarde* and, on the brief, *Melinda A. Powell*, for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiff[1] Stephen Prescott appeals from the trial court's judgment granting the defendants'[2] motion for summary judgment in this personal injury action in which the plaintiff sustained an injury while attending a high school football game. On appeal, the plaintiff claims that the court improperly concluded that he did not qualify for the identifiable person-imminent harm exception to the doctrine of governmental immunity. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the plaintiff's appeal.[3] On November 26, 1998, the plaintiff attended a high school

[1] Anne Prescott, Stephen Prescott's wife, also a plaintiff in this matter, sought damages for loss of consortium. Although Anne Prescott is an appellant, we will use the term "plaintiff" to refer to Stephen Prescott only.

[2] The defendants are (1) the city of Meriden, (2) Richard Katz, director of athletics for Platt High School, (3) Mark Zebora, director of the department of parks and recreation for the city of Meriden, (4) Elizabeth Ruocco, director of the department of education for the city of Meriden and (5) the department of education for the city of Meriden. The complaint alleged that the defendant city of Meriden was liable to the plaintiff for the negligence of its employees pursuant to General Statutes § 7-465.

[3] Because the facts are to be construed in the light most favorable to the nonmoving party, the court accepted those facts, which were contained in Stephen Prescott's affidavit dated June 20, 2002, for the purpose of ruling on the defendants' motion for summary judgment. See *Tryon* v. *North Branford*, 58 Conn. App. 702, 706, 755 A.2d 317 (2000).

football game at Platt High School's field in Meriden to watch his son play. Rain was falling that morning, and the weather forecast predicted the same for the time of the game. When the plaintiff arrived at the public field, the bleacher seats, which were temporarily erected, already were "wet and muddy" from the rain and from the other spectators walking on them. Prior to the end of the game, as the plaintiff was descending the bleachers from his seat, he fell, injuring himself.

On November 24, 2000, the plaintiff filed a complaint, claiming negligence on the part of the defendants. Specifically, the plaintiff alleged that the defendants (1) allowed the bleachers to be used during heavy rain, (2) did not postpone the game due to the heavy rain, (3) allowed the bleachers to be used in the rain without a nonskid surface or stairs, (4) did not provide bleachers with handrails and (5) did not inspect the bleachers.

On December 27, 2000, the defendants filed an answer and special defense in which they claimed that the plaintiff was comparatively negligent. On November 2, 2001, the defendants amended their answer and special defense,[4] adding the doctrine of governmental immunity as a special defense.

The defendants then filed a motion for summary judgment on June 18, 2002, claiming that all counts of the plaintiff's complaint were barred by the doctrine of governmental immunity. On July 5, 2002, in his objection to the defendants' motion for summary judgment, the plaintiff argued that the identifiable person-imminent harm exception to governmental immunity applied. On September 25, 2002, the court granted the defendants' motion for summary judgment, concluding that, as a matter of law, the plaintiff was not an identifiable person, but rather a member of the general public

---

[4] The defendants filed a request for leave to amend on November 2, 2001, which was granted without objection pursuant to Practice Book § 10-60.

attending the football game. The plaintiff appeals from that judgment.

We begin our analysis by setting forth the applicable standard of review. "Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) *Tryon* v. *North Branford*, 58 Conn. App. 702, 706, 755 A.2d 317 (2000).

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Because the trial court rendered judgment for the defendants as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous." (Citations omitted; internal quotation marks omitted.) Id., 706–707.

In his appeal, the plaintiff claims that the court improperly concluded, as a matter of law, that he was not an identifiable person subject to imminent harm so as to come within an exception to the doctrine of governmental immunity. We do not agree.

"The doctrines that determine the tort liability of municipal employees are well established. Although municipalities are generally immune from liability in

tort, municipal employees historically were personally liable for their own tortious conduct. . . . The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The word 'ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Citations omitted; internal quotation marks omitted.) *Burns* v. *Board of Education*, 228 Conn. 640, 645, 638 A.2d 1 (1994).

The plaintiff concedes that any duty owed to him by the defendants was discretionary in nature. To succeed in his claim of liability, therefore, the plaintiff must be entitled to recover within one of the exceptions to a municipal employee's qualified immunity for discretionary acts. Our Supreme Court has recognized three exceptions: "first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Internal quotation marks omitted.) Id.

The only exception to the qualified immunity of a municipal employee for discretionary acts that is of relevance to the present case is the exception permitting a tort action in circumstances of imminent harm to an identifiable person. That exception has been construed to apply not only to identifiable individuals, but also to narrowly defined identified classes of foreseeable victims. Id., 646. Whether the plaintiff comes within a class of identifiable persons is a question of law for

the court to decide absent unresolved factual issues material to the applicability of the defense. See *Purzycki* v. *Fairfield*, 244 Conn. 101, 108 n.4, 708 A.2d 937 (1998).

"The [identifiable person-imminent harm] exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." (Internal quotation marks omitted.) *Tryon* v. *North Branford*, supra, 58 Conn. App. 710. Our courts have, however, applied that exception in a series of cases involving injuries to schoolchildren. See *Purzycki* v. *Fairfield*, supra, 244 Conn. 101; *Burns* v. *Board of Education*, supra, 228 Conn. 648–49; *Colon* v. *Board of Education*, 60 Conn. App. 178, 184–85, 758 A.2d 900, cert. denied, 255 Conn. 908, 763 A.2d 1034 (2000). From those cases, our courts have determined that "schoolchildren who are statutorily compelled to attend school, during school hours on school days, can be an identifiable class of victims." *Purzycki* v. *Fairfield*, supra, 109.

This court also has applied that exception to a firefighter in *Tryon* v. *North Branford*, supra, 58 Conn. App. 702. In *Tryon*, the plaintiff firefighter was waiting in a staging area to march in a firefighters parade when a dog that was in the parade bit her. Id., 704. In concluding that the plaintiff was an identifiable person, this court stated that she was "not a member of the general public attending a parade but a firefighter in uniform in the staging area one block away from the site of the parade when the dog bit her." Id., 710.

In the present case, the plaintiff argues that he was an identifiable victim because of public policies encouraging parental involvement in school functions. Specifically, the plaintiff argues that, because parents are encouraged to take part in those activities, he was an identifiable victim at the football game. We do not agree.

The plaintiff was a member of the general public who voluntarily attended a public function at a municipal athletic field. Having a son playing in the game motivated the plaintiff to attend, but that did not compel the plaintiff to be there. He had the same right to attend as any member of the public and was exposed to the same conditions as anyone else who attended the game. Because the decision to attend the game rested solely within the plaintiff's discretion, we cannot properly conclude that it was foreseeable that he would attend and that he consequently was an identifiable victim. "The adoption of a rule of liability where some kind of harm may happen to someone would cramp the exercise of official discretion beyond the limits desirable in our society." *Shore* v. *Stonington*, 187 Conn. 147, 157, 444 A.2d 1379 (1982). We therefore conclude that the court correctly determined that the plaintiff was not an identifiable person for purposes of the identifiable person-imminent harm exception to governmental immunity.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Because we conclude that the court, on the basis of the pleadings and evidence, properly concluded that the plaintiff was not an "identifiable person," we need not address whether there was "imminent harm."