******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## ANDRZEJ KUSY *v.* CITY OF NORWICH ET AL.
## (AC 41721)

Keller, Prescott and Moll, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants, the city of Norwich, its board of education and several city employees, for, inter alia, negligence in connection with injuries he sustained when he slipped and fell on snow or ice while delivering milk for his employer, G Co., at a city school. The plaintiff alleged in his complaint that the defendants acted negligently because the school's custodial staff had a ministerial duty to clear the snow and ice from the delivery ramp but failed to do so. The trial court granted the defendants' motion for summary judgment on the ground of government immunity, concluding that snow and ice removal is discretionary in nature as a matter of law and, thus, that the plaintiff failed to raise a genuine issue of material fact regarding whether the removal of snow and ice is a ministerial act for which the city could be held liable pursuant to statute (§ 52-557n [a] [2] [B]). The court also determined that the plaintiff was not an identifiable victim for purposes of the identifiable person-imminent harm exception to governmental immunity. On the plaintiff's appeal to this court, *held*:

1. The plaintiff could not prevail on his claim that the trial court improperly rendered summary judgment in favor of the defendants on the ground of governmental immunity, which was based on his claim that snow and ice removal by a municipality is a ministerial act as a matter of law: in the absence of a policy or directive prescribing the manner in which a municipal official is to remove snow and ice, such an act is discretionary in nature, and, therefore, the trial court properly determined that the removal of snow and ice at the school was discretionary in nature, as a city official provided an affidavit in which she averred that no such policy existed, the plaintiff provided no evidence that a snow and ice removal policy existed and he conceded in his memorandum of law in opposition to the defendants' motion for summary judgment that the defendants did not have a written snow and ice removal policy; moreover, contrary the plaintiff's contention that the issue of whether the removal of snow and ice is ministerial in nature is a factual question that is reserved for the jury and may not be decided by the trial court by way of summary judgment, our Supreme court has established that, where, as here, the plaintiff failed to raise a genuine issue of material fact that a policy or directive existed that could render the act ministerial in nature, the question of whether an act is ministerial in nature is to be determined by the trial court as a matter of law.

2. The trial court properly determined that the plaintiff failed to raise a genuine issue of material fact regarding whether he was an identifiable victim for purposes of the identifiable person-imminent harm exception to governmental immunity; this court declined the plaintiff's request to expand the narrow identifiable class of foreseeable victims to include not only schoolchildren who are statutorily compelled to be on school grounds during regular school hours, but also a person, like the plaintiff, who was present on municipal property because his or her employer was required by contract to perform a service in that location, as the plaintiff, unlike schoolchildren, was not required by law to be on the school's grounds, G Co. could have met its contractual obligation to deliver milk to the school by waiting or returning at a later time after the school had an opportunity to ensure that the delivery ramp was free of snow and ice, our courts have not treated other classes of individuals, apart from schoolchildren, who are present on school grounds during school hours as identifiable victims because there is always an aspect of voluntariness to their presence on school grounds, and even when schoolchildren are on school grounds, our courts have not classified them as identifiable victims if they are on school property as part of voluntary activities.

Argued April 16—officially released August 27, 2019

Action to recover damages for, inter alia, the defendants' alleged negligence, and for other relief, brought to the Superior Court in the judicial district of New London, where the court, *Calmar, J.*, granted the defendants' motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Matthew T. Wax-Krell*, with whom was *Andrew W. Krevolin*, for the appellant (plaintiff).

*Jeffrey G. Schwartz*, for the appellees (defendants).

*Opinion*

PRESCOTT, J. This is a personal injury action brought by the plaintiff, Andrzej Kusy, against the defendants, the city of Norwich, its board of education, and certain municipal employees,[1] seeking to recover damages for injuries he sustained after he slipped and fell on snow or ice while delivering milk for his employer, Guida's Dairy (Guida's), at a Norwich school. The plaintiff appeals from the trial court's summary judgment rendered in favor of the defendants on the ground that they are entitled to governmental immunity.

On appeal, the plaintiff claims that the trial court improperly rendered summary judgment in favor of the defendants on the ground of governmental immunity because he adequately raised a genuine issue of material fact as to whether (1) the removal of snow and ice at a school is a ministerial rather than a discretionary act, and (2) the plaintiff was an identifiable victim because he had a contractual duty to deliver milk to the school. We disagree with both claims and, therefore, affirm the judgment of the trial court.

The record before the court, viewed in the light most favorable to the plaintiff as the nonmoving party, reveals the following facts and procedural history. On February 24, 2015, the plaintiff delivered milk to Kelly Middle School in Norwich for Guida's. The plaintiff had been making these deliveries to the school "[t]wo times a week for at least seven months." On the day of the injury, the plaintiff was delivering milk in the area designated for such deliveries. The weather was "sunny but cold" during the morning of February 24, 2015, and it last snowed a few days prior. The plaintiff, nevertheless, noticed ice on the delivery ramp and notified the supervisor of the school's kitchen, who contacted the maintenance person for the school.

The plaintiff also contacted his employer to alert it to the icy conditions. The plaintiff had a brief conversation with John Guida at Guida's and explained the conditions to him. Despite his report, Guida ordered him to complete the delivery. Approximately twenty-five minutes after speaking to Guida and traveling up and down the ramp multiple times, the plaintiff slipped and fell. No one removed the snow and ice during the period between the time the plaintiff reported the icy conditions to the school employee and when he fell.

The plaintiff commenced this action on February 21, 2017. The complaint contains three counts: the first two counts contain allegations of negligence against the defendants and the third count is against the city of Norwich (city) for indemnity pursuant to General Statutes § 7-465.[2] The plaintiff alleged that the defendants acted negligently because, inter alia, the school's custodial staff had a ministerial duty to clear the snow and ice from the delivery ramp and failed to do so. The

plaintiff also alleged that he was a member of "a foreseeable class of identifiable victims" and was subjected to "a risk of imminent harm."

On December 6, 2017, the defendants filed a motion for summary judgment. They asserted that governmental immunity barred them from being held liable because the plaintiff could not demonstrate a genuine issue of material fact regarding any exception to governmental immunity. The trial court granted the motion for summary judgment on May 21, 2018, and issued a memorandum of decision setting forth its reasoning.

In its memorandum of decision, the trial court concluded that the defendants were entitled to summary judgment because General Statutes § 52-557n (a) (2) (B) prevents a municipality from being held liable for the discretionary acts of its employees, even if the acts are performed negligently. The trial court indicated that an act is discretionary as a matter of law in the absence of a directive limiting the discretion of a municipal employee's performance of the act. The trial court stated that the defendants presented evidence showing that they had no policy concerning snow and ice removal and that the plaintiff provided no evidence tending to demonstrate the existence of such a policy. On this record, the trial court concluded that snow and ice removal is discretionary in nature as a matter of law, and, thus, the plaintiff failed to raise a genuine issue of material fact regarding whether the removal of snow and ice is a ministerial act for which the city could be held liable.

The trial court also addressed the plaintiff's contention that, even if snow and ice removal is discretionary in nature, the defendants were not entitled to governmental immunity because the identifiable person-imminent harm exception to discretionary act immunity applies. The trial court, however, determined that the plaintiff was not an identifiable victim because "he was not a child attending a public school during school hours." This appeal followed.

This court's standard of review for a motion for summary judgment is well established. "Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . .

[I]ssue-finding, rather than issue-determination, is the key to the procedure. . . . [T]he trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [Its] function is not to decide issues of material fact, but rather to determine whether any such issues exist. . . . Our review of the decision to grant a motion for summary judgment is plenary. . . . We therefore must decide whether the court's conclusions were legally and logically correct and find support in the record." (Internal quotation marks omitted.) *DiMiceli* v. *Cheshire*, 162 Conn. App. 216, 221–22, 131 A.3d 771 (2016).

## I

The plaintiff first claims that snow and ice removal by a municipality is a ministerial act as a matter of law. In the alternative, the plaintiff contends that whether the removal of snow and ice is ministerial in nature is a factual question that is reserved for the jury and may not be decided by the court by way of summary judgment. We disagree.

In *Ventura* v. *East Haven*, 330 Conn. 613, 629, 199 A.3d 1 (2019), our Supreme Court restated the well established principles that govern the statutory distinction between ministerial and discretionary acts: "The law pertaining to municipal immunity is . . . well settled. [Section] 52-557n abandons the common-law principle of municipal sovereign immunity and establishes the circumstances in which a municipality may be liable for damages. . . . One such circumstance is a negligent act or omission of a municipal officer acting within the scope of his or her employment or official duties. . . . [Section] 52-557n (a) (2) (B), however, explicitly shields a municipality from liability for damages to person or property caused by the negligent acts or omissions [that] require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." (Internal quotation marks omitted.)

Accordingly, a municipality is entitled to immunity for discretionary acts performed by municipal officers or employees but may be held liable for those acts that are not discretionary but, rather, are ministerial in nature. "[O]ur courts consistently have held that to demonstrate the existence of a ministerial duty on the part of a municipality and its agents, a plaintiff ordinarily must point to some statute, city charter provision, ordinance, regulation, rule, policy, or other directive that, by its clear language, compels a municipal employee to act in a prescribed manner, without the exercise of judgment or discretion." (Internal quotation marks omitted.) Id., 631; see also *Violano* v. *Fernandez*, 280 Conn. 310, 323, 907 A.2d 1188 (2006) (holding that "the plaintiffs . . . have failed to allege that the acts or omissions complained of were ministerial in nature because . . . the plaintiffs have not alleged that [the

defendant] was required by any city charter provision, ordinance, regulation, rule, policy, or any other directive to secure the property in any prescribed manner" [citation omitted]). Furthermore, this court held previously that evidence of a policy that merely states general responsibilities without "provisions that mandate the time or manner in which those responsibilities are to be executed, leaving such details to the discretion and judgment of the municipal employees," is insufficient to show that the act is ministerial. *Northrup* v. *Witkowski*, 175 Conn. App. 223, 238, 167 A.3d 443 (2017), aff'd, 332 Conn. 158,      A.3d      (2019). Therefore, if there is no directive setting forth the manner in which a municipal official is to perform the act, then the act is not ministerial and is therefore discretionary in nature.

This court has already concluded that, in the absence of a directive prescribing the manner in which an official is to remove snow and ice, such an act is discretionary in nature. *Beach* v. *Regional School District Number 13*, 42 Conn. App. 542, 553–55, 682 A.2d 118, cert. denied, 239 Conn. 939, 684 A.2d 710 (1996). In *Beach*, like in the present case, the plaintiff, whose employment with a private company required her to be on school property, slipped and fell on an icy sidewalk on school grounds. See id., 544–45, 545 n.1.[3]

Despite our decision in *Beach*, the plaintiff relies on *Koloniak* v. *Board of Education*, 28 Conn. App. 277, 281–82, 610 A.2d 193 (1992), for the proposition that the act of removing snow and ice is ministerial in nature. *Koloniak*, however, is inapplicable for at least two reasons. In *Koloniak*, this court relied on a written policy issued by the board of education that "all custodians . . . were to keep the walkways clear of snow and ice." Id., 281. In the present case, however, neither the plaintiff nor the defendants produced any statute, ordinance, policy, or other directive setting forth a clear snow and ice removal policy.[4] *Koloniak* also has been superseded by decisions of our Supreme Court, in which it has held that even a general written policy, like the one in *Koloniak*, is insufficient to create a ministerial duty if the written policy does not prescribe the manner in which an official is to carry out the act. See *Northrup* v. *Witkowski*, 332 Conn. 158, 169–70,      A.3d      (2019); *Violano* v. *Fernandez*, supra, 280 Conn. 323–24. Thus, the present case and *Koloniak* are dissimilar.

The plaintiff also relies on dicta from a recent trial court decision as supporting a conclusion that, even in the absence of a policy, snow and ice removal is nevertheless a ministerial act. In *Finn* v. *Hamden*, Superior Court, judicial district of New Haven, Docket No. CV-16-6060769-S (September 13, 2017), 2017 WL 5056259, *5, Judge (now Justice) Ecker stated that snow and ice removal is ministerial in nature because "[w]hen

it snows, *common sense and routine experience* tell us that every landowner must remove snow and ice from any sidewalk that is likely to be used by a pedestrian. . . . At least as a general matter, it seems fair to posit that no one with responsibility for sidewalk upkeep should need a written rule, or any explicit directive at all, to realize that the sidewalks must be cleared when there is any accumulation of snow, ice, or slush." (Emphasis added; footnotes omitted.) We respectfully disagree for two reasons.

First, our Supreme Court in *Ventura* stated that, in order for an act to be classified as ministerial, there must be evidence of a directive that "compels a municipal employee to act in a prescribed manner, without the exercise of judgment or discretion." (Internal quotation marks omitted.) *Ventura* v. *East Haven*, supra, 330 Conn. 631. Thus, the existing standard is more demanding than the one articulated in *Finn*, which relies simply on "common sense and routine experience." See *Finn* v. *Hamden*, supra, 2017 WL 5056259, *5.

Second, the trial court's statement in *Finn* that the act of snow and ice removal is ministerial in nature is belied by an examination of the act itself. The act of snow and ice removal, absent a directive strictly imposing the time and manner in which it is to be done, is inherently a discretionary act because it requires the exercise of judgment. Clearing walkways of snow and ice requires the municipal official performing the act to exercise judgment regarding the amount of snow and ice that must accumulate before it must be removed; the frequency with which the official decides to inspect the walkways to ensure that new patches of ice have not formed on surfaces previously salted, sanded, or cleared; the method that the official decides to use to clear the snow and ice or to eliminate the hazard (i.e., whether to use salt, sand, or neither; the amount of salt or sand that is applied; and the frequency with which salt or sand is applied); which areas to prioritize, including whether to focus on areas of the school grounds frequented by schoolchildren in attendance; and whether a walkway is sufficiently clear for use.[5]

Our analysis accords with *Ventura*, in which our Supreme Court resolved confusion in our case law regarding the question of whether an act is ministerial should be determined by the trier of fact or by the trial court as a matter of law. See *Ventura* v. *East Haven*, supra, 330 Conn. 632–37. The court decided that it is the responsibility of the latter.[6] Id., 636–37. "[T]he ultimate determination of whether . . . immunity applies is ordinarily a question of law for the court . . . [unless] there are unresolved factual issues material to the applicability of the defense . . . [in which case] resolution of those factual issues is properly left to the jury." (Internal quotation marks omitted.) Id., 632.

In the absence of unresolved issues of fact, a court may render summary judgment in favor of the defendant if "it is apparent from the complaint that the [defendant's] allegedly negligent acts or omissions necessarily involved the exercise of judgment, and thus, necessarily were discretionary in nature . . . ." (Internal quotation marks omitted.) *Coley* v. *Hartford*, 312 Conn. 150, 162, 95 A.3d 480 (2014); see also *Grignano* v. *Milford*, 106 Conn. App. 648, 655, 943 A.2d 507 (2008). Indeed, this court has held that it is appropriate for a trial court to grant a municipal defendant's motion for summary judgment if the plaintiff is unable to proffer a directive that would impose a ministerial duty. See generally *DiMiceli* v. *Cheshire*, supra, 162 Conn. App. 225–29 (holding that none of evidence plaintiff proffered at summary judgment stage created ministerial duty and, therefore, trial court properly rendered summary judgment).

It is true that our Supreme Court and this court have determined that evidence of an unwritten but otherwise clear oral mandate that an act be performed in a particular manner could be sufficient to establish the existence of a directive that would support a conclusion that the act was ministerial in nature. See *Gauvin* v. *New Haven*, 187 Conn. 180, 186–87, 445 A.2d 1 (1982); *Wisniewski* v. *Darien*, 135 Conn. App. 364, 374, 42 A.3d 436 (2012). These cases, however, do not excuse a plaintiff from his or her obligation, upon a proper burden shifting, to proffer such evidence in opposition to a motion for summary judgment. As we have held previously, a plaintiff must raise a genuine issue of material fact that a policy or directive exists that could render a particular act ministerial in nature. See *DiMiceli* v. *Cheshire*, supra, 162 Conn. App. 228.

In the present case, a city official provided an affidavit in which she averred that no such policy existed. Also, as the trial court observed, the plaintiff provided no evidence that a snow and ice removal policy existed. Furthermore, the plaintiff conceded in his memorandum of law in opposition to the motion for summary judgment that the defendants do not have a written snow and ice removal policy. In light of the undisputed averment by the city official that no snow and ice removal policy existed, the trial court properly determined under the circumstances of this case that the removal of snow and ice at the school was discretionary in nature.

II

The plaintiff also claims the trial court improperly determined that he failed to raise a genuine issue of material fact regarding whether he was an identifiable victim within the meaning of our governmental immunity jurisprudence. We disagree.

"[Our Supreme Court] has recognized an exception

to discretionary act immunity that allows for liability when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. . . . This identifiable person-imminent harm exception has three requirements: (1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm. . . . All three must be proven in order for the exception to apply. . . . [T]he ultimate determination of whether [governmental] immunity applies is ordinarily a question of law for the court . . . [unless] there are unresolved factual issues . . . properly left to the jury." (Citation omitted; internal quotation marks omitted.) *Martinez* v. *New Haven*, 328 Conn. 1, 8, 176 A.3d 531 (2018).

"[Our Supreme Court has] stated previously that this exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state." (Internal quotation marks omitted.) *Strycharz* v. *Cady*, 323 Conn. 548, 573, 148 A.3d 1011 (2016). "[T]he question of whether a particular plaintiff comes within a cognizable class of foreseeable victims for purposes of this exception to qualified immunity is ultimately a question of policy for the courts, in that it is in effect a question of duty. . . . This involves a mixture of policy considerations and evolving expectations of a maturing society . . . . [T]his exception applies not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims. . . . Our [Supreme Court's] decisions underscore, however, that whether the plaintiff was compelled to be at the location where the injury occurred remains a paramount consideration in determining whether the plaintiff was an identifiable person or member of a foreseeable class of victims. . . . [The court has] interpreted the identifiable person element narrowly as it pertains to an injured party's compulsion to be in the place at issue . . . . In fact, [t]he only identifiable class of foreseeable victims that [the court has] recognized . . . is that of schoolchildren attending public schools during school hours . . . ." (Citations omitted; footnote omitted; internal quotation marks omitted.) Id., 575–76.

The plaintiff claims that he is an identifiable victim for the following reasons: (1) "he was contractually bound to deliver milk to the [s]chool"; (2) "[the plaintiff], like all other vendors of the school, was using the access way provided to him by the school to fulfill his employer's contractual obligation"; and (3) "[a]t the time of the incident, [he] was making a scheduled delivery, as he had done twice a week for seven months prior thereto." The plaintiff argues that the combination of these factors is sufficient to give rise to a genuine issue of material fact as to whether he was an identifiable victim because, in a recent case, our Supreme

Court stated that "a party is an identifiable person when he or she is compelled to be somewhere. . . . [W]hether the plaintiff was compelled to be at the location where the injury occurred remains a paramount consideration in determining whether the plaintiff was an identifiable person or member of a foreseeable class of victims . . . ." (Citation omitted; internal quotation marks omitted.) *St. Pierre* v. *Plainfield*, 326 Conn. 420, 436, 165 A.3d 148 (2017).

The plaintiff takes the language in *St. Pierre* out of context. In fact, the court in *St. Pierre* elaborated, "[with the exception of] one case that has since been limited to its facts . . . [our Supreme Court has] addressed claims that a plaintiff is an identifiable person or member of an identifiable class of foreseeable victims in a number of cases, [and it has] not broadened [its] definition [beyond schoolchildren attending public schools during school hours]." (Footnote omitted.) Id., 436–37.

Students attending public school during school hours are afforded this special designation as "identifiable victims" because "they were intended to be the beneficiaries of particular duties of care imposed by law on school officials; they [are] legally required to attend school rather than being there voluntarily; their parents [are] thus statutorily required to relinquish their custody to those officials during those hours; and, as a matter of policy, they traditionally require special consideration in the face of dangerous conditions." (Internal quotation marks omitted.) Id., 436. Our Supreme Court applied these same factors to determine that a parent, who attended his son's high school football game and was injured on the bleachers, is not a member of an identifiable class of foreseeable victims. See *Prescott* v. *Meriden*, 273 Conn. 759, 763–65, 873 A.2d 175 (2005).

Nevertheless, the plaintiff asks us to extend the identifiable victim classification to encompass a plaintiff who is present on municipal property because his or her employer is required *by contract* to perform a service in that location. We decline to do so for the following reasons.

First, unlike schoolchildren, the plaintiff was not required by law to be on school grounds. A contractual duty to deliver milk at the school falls far short of the legal compulsion imposed by our statutes that require a child's attendance at school.

Second, Guida's may meet its contractual obligation to deliver milk to the school by waiting or returning at a later time after the school has had an opportunity to ensure that the delivery ramp is free of hazards.[7] Indeed, it is difficult to imagine that Guida's would be deemed to have breached its contract to the defendants by failing to deliver milk at that precise time and if the school had not provided a clear and safe means of access for the delivery.

Third, our courts have not treated other classes of individuals, apart from schoolchildren, who are present on school grounds during school hours as identifiable victims because there is always an aspect of voluntariness to their presence on school grounds.[8] See *Durrant* v. *Board of Education*, 284 Conn. 91, 100–108, 931 A.2d 859 (2007) (holding that mother who slipped on puddle and sustained injuries while picking up her daughter from after school daycare at city's elementary school is not identifiable victim); *Prescott* v. *Meriden*, 80 Conn. App. 697, 698–701, 703, 836 A.2d 1248 (2003) (holding that parent injured on bleachers during son's high school football game is not identifiable victim), aff'd, 273 Conn. 759, 873 A.2d 175 (2005).

Fourth, even when schoolchildren are on school grounds, our courts have not classified them as identifiable victims if they are on school property as part of voluntary activities. See *Coe* v. *Board of Education*, 301 Conn. 112, 118–22, 19 A.3d 640 (2011) (holding that student, who was injured at school dance that occurred after school hours and that she *voluntarily* attended, was not identifiable victim); *Costa* v. *Board of Education*, 175 Conn. App. 402, 408–409, 167 A.3d 115 (holding that student was not identifiable victim for injuries sustained during senior class picnic because "[he] was not required to attend the senior picnic, but did so voluntarily" and he "voluntarily participated in pick-up basketball game in which he was injured"), cert. denied, 327 Conn. 961, 172 A.3d 801 (2017).

In sum, we decline to extend the classes of individuals who may be identifiable victims beyond the narrow confines of children who are statutorily compelled to be on school grounds during regular school hours.[9] Accordingly, having conducted a plenary review of the trial court record, we conclude the plaintiff has failed to raise a genuine issue of material fact regarding the defendants' entitlement to governmental immunity. With regard to both issues—whether snow and ice removal is ministerial or discretionary and whether the plaintiff is an identifiable victim—the trial court properly determined that the defendants were entitled to judgment as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In addition to the city of Norwich and the Norwich Board of Education, the defendants are Abby Dolliver, the superintendent of Norwich public schools; William Peckrul, the principal of Kelly Middle School; and Edward Gunter, the head custodian of Kelly Middle School.

[2] In rendering summary judgment, the trial court did not explicitly address count three of the plaintiff's complaint. "[Our Supreme Court] previously . . . recognized that [General Statutes] §§ 7-465 and 52-557n are coextensive . . . and . . . concluded that the availability of indemnification under § 7-465 (a) for municipal employees' torts may be constrained by § 52–557n (a)." (Citation omitted; footnote omitted; internal quotation marks omitted.) *Grady* v. *Somers*, 294 Conn. 324, 346–47, 984 A.2d 684 (2009).

"Under § 7-465, the municipality's duty to indemnify attaches only when the employee is found to be liable and the employee's actions do not fall

within the exception for wilful and wanton acts." *Myers* v. *Hartford*, 84 Conn. App. 395, 401, 853 A.2d 621, cert. denied, 271 Conn. 927, 859 A.2d 582 (2004).

Because the city's obligation to indemnify the other defendants arises only if the principal tortfeasors are liable for the plaintiff's injuries, we construe the trial court's summary judgment on the negligence counts to encompass count three. If governmental immunity bars liability on the first two counts, then there is no underlying liability for which the municipality must indemnify.

[3] *Beach* predates our Supreme Court's recent decision in *Ventura* v. *East Haven*, supra, 330 Conn. 629, 632, in which the court reiterated the well established principles regarding ministerial and discretionary acts and unequivocally determined that whether an act is discretionary in nature is a question for the court to decide as a matter of law.

The plaintiff in his appellate brief all but ignores this court's decision in *Beach*. With respect to *Beach*, he simply contends that it stands for the proposition that the question of whether the removal of ice and snow is discretionary belongs to the jury rather than the court. We reject this contention in light of our Supreme Court's decision in *Ventura*, in which the court plainly held that the determination of whether an act is discretionary is a question of law for the court. Id., 636–37.

[4] Furthermore, the defendants submitted an affidavit in support of their motion for summary judgment from a city official denying the existence of any snow and ice removal policy. The same city official denied the existence of a snow and ice removal policy in response to the plaintiff's request for production. Moreover, the plaintiff admits that the defendants do not have a written snow and ice removal policy.

[5] Indeed, in a recent case involving whether a municipality's maintenance of storm drains is a ministerial act, our Supreme Court stated that "a municipality necessarily makes discretionary policy decisions with respect to the timing, frequency, method and extent of inspections, maintenance and repairs." (Internal quotation marks omitted.) *Northrup* v. *Witkowski*, supra, 332 Conn. 170.

[6] "[Our Supreme Court], on numerous occasions, has stated unequivocally that the determination of whether a governmental or ministerial duty exists gives rise to a question of law for resolution by the court." *Ventura* v. *East Haven*, supra, 330 Conn. 634.

[7] Our courts have construed the compulsion to be somewhere requirement narrowly. In one case, this court concluded that a plaintiff did not satisfy the requirement because "[t]he plaintiff [did] not [cite] any statute, regulation or municipal ordinance that compelled her to drive her car on the stretch of [the] [s]treet where the accident occurred." *DeConti* v. *McGlone*, 88 Conn. App. 270, 275, 869 A.2d 271, cert. denied, 273 Conn. 940, 875 A.2d 42 (2005). This court also noted that the plaintiff in *DeConti* failed to satisfy the requirement because "[s]he [did] not [show] that her decision to take [the] particular route was anything but a voluntary decision that was made as a matter of convenience." Id. In another case, our Supreme Court determined that a person is not an identifiable victim if he is not legally required to be somewhere and could have assigned someone else to go to the location to complete the task in his place. See *Grady* v. *Somers*, 294 Conn. 324, 355–57, 984 A.2d 684 (2009). In *Grady*, the municipality did not provide refuse pickup service, and residents could either obtain a transfer station permit and discard their own refuse, or hire private trash haulers to come to their home. Id., 328 n.4. Because the plaintiff in *Grady* had the option of hiring an independent contractor to dispose of his refuse, the court did not classify him as an identifiable victim for injuries he sustained when he slipped on an ice patch at the transfer station. Id., 355–56.

[8] In his appellate brief, the plaintiff relies on *Tryon* v. *North Branford*, 58 Conn. App. 702, 755 A.2d 317 (2000), as support for his assertion that he is an identifiable victim. *Tryon*, however, was decided nineteen years ago, and our Supreme Court has more recently focused its analysis regarding whether a plaintiff is an identifiable victim on whether the plaintiff is compelled to be somewhere. See *St. Pierre* v. *Plainfield*, supra, 326 Conn. 436–37. The court has, therefore, not extended the classes of identifiable victims beyond schoolchildren who are statutorily required to attend school during school hours. See id. Thus, *Tryon* is distinguishable because the court in that case did not consider whether the plaintiff was required by statute to be at the parade as part of its analysis concerning whether the plaintiff was an identifiable victim. *See Tryon* v. *North Branford*, supra, 710–11.

[9] Because we agree with the trial court's decision to render summary judgment on the basis that the plaintiff is not an identifiable victim, we need not address whether he was subject to imminent harm under the circumstances. See *Martinez* v. *New Haven*, supra, 328 Conn. 8 (holding that "[a]ll three [elements] must be proven in order for the exception to apply" [internal quotation marks omitted]).

---