******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

Bright, C. J., and Prescott and Moll, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant city of New
Britain and its animal control officer, D, for injuries she allegedly sus-
tained as a result of the defendants' negligence. D had responded to
reported dog attacks in January and June, 2016, involving two pit bulls
that occurred at certain real property in New Britain. The plaintiff sus-
tained injuries during a 2018 attack by the same pit bulls and, at the
time, was a tenant at the property. The plaintiff alleged that D was
negligent for, inter alia, failing to remove the pit bulls from the property,
and alleged claims for indemnification and statutory negligence against
the city. The plaintiff filed an amended complaint alleging that, based
on the 2016 attacks, D knew or should have known that, as a tenant on
the property, the plaintiff would have been attacked by the pit bulls. The
court granted the defendants' motion to strike the plaintiff's amended
complaint on the basis of governmental immunity, and the plaintiff
appealed to this court. On appeal, the plaintiff did not dispute that
governmental immunity applied to her claims against the defendants in
light of the discretionary nature of D's alleged conduct but, instead,
alleged that the identifiable person-imminent harm exception to govern-
mental immunity applied. *Held* that the trial court correctly concluded
that the plaintiff's amended complaint was legally insufficient because
she did not plead facts demonstrating that she was an identifiable victim
for purposes of the identifiable person-imminent harm exception to
governmental immunity: that complaint did not contain allegations dem-
onstrating that she was legally compelled to be at the property when
the pit bulls attacked her or that her tenancy was required by law,
rather, the only logical reading of the amended complaint was that her
residence at the property was purely voluntary; moreover, the only
identifiable class of foreseeable victims that our case law has recognized
in connection with this exception to governmental immunity has been
that of schoolchildren attending public schools during school hours, the
plaintiff did not fall within that class, and this court declined to recognize
any additional classes of individuals who may be identifiable victims
beyond that demarcated limit.

Argued October 3—officially released November 8, 2022

*Procedural History*

Action to recover damages for, inter alia, the defen-
dants' alleged negligence, and for other relief, brought
to the Superior Court in the judicial district of New
Britain, where the plaintiff filed an amended complaint;
thereafter, the court, *Wiese, J.*, granted the defendants'
motion to strike the amended complaint; subsequently,
the court, *Wiese, J.*, granted the defendants' motion for
judgment and rendered judgment thereon, from which
the plaintiff appealed to this court. *Affirmed.*

*Lucas M. Watson*, for the appellant (plaintiff).

*John F. Diakun*, corporation counsel, for the appel-
lees (defendants).

*Opinion*

MOLL, J. The plaintiff, Cristina Gonzalez, appeals from the judgment of the trial court rendered in favor of the defendants, the city of New Britain (city) and James Davis, following the granting of the defendants' motion to strike the plaintiff's amended complaint on the basis of governmental immunity. On appeal, the plaintiff asserts that the court incorrectly concluded that her amended complaint was legally insufficient because she did not plead facts demonstrating that she was an identifiable victim for purposes of the identifiable person-imminent harm exception to governmental immunity. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts, as alleged in the plaintiff's amended complaint, and procedural history are relevant to our resolution of this appeal. On or before January 9, 2016, Davis was employed by the city as an animal control officer. Davis' responsibilities "included, but [were] not limited to, identifying dangerous dogs in the city . . . and removing them and/or quarantining them . . . ." Between January 9, 2016, and March 17, 2018, Davis responded to three separate reported dog attacks by two pit bulls that had occurred at 167 Oak Street in New Britain (property). On January 9, 2016, the pit bulls attacked a Chihuahua on the property. In response to the January 9, 2016 incident, Davis ordered the pit bulls' owner, who was the landlord of the property, to quarantine the pit bulls on the property for fourteen days. On June 21, 2016, the pit bulls attacked a tenant on the property, which resulted in the transport of the tenant to a hospital with severe bodily injuries. During his investigation of the June 21, 2016 incident, Davis learned that, on several prior occasions, the pit bulls had chased the tenant and the tenant's friends on the property. Following the June 21, 2016 incident, the pit bulls' owners[1] informed Davis that they intended to euthanize one of the pit bulls because of its "aggressive temperament . . . ." On March 17, 2018, the pit bulls attacked the plaintiff on the property, where she lived as a tenant. The plaintiff sustained severe and permanent injuries as a result of the March 17, 2018 incident.[2]

On March 16, 2020, the plaintiff commenced the present action against the defendants. The plaintiff's original complaint set forth three counts. Count one alleged a common-law negligence claim against Davis. Count two alleged a claim for indemnification against the city pursuant to General Statutes § 7-465. Count three alleged a statutory negligence claim against the city pursuant to General Statutes § 52-557n. The crux of the plaintiff's claims was that Davis "knew or should have known of the dangerous propensity of the pit bulls . . . and [he should have] removed them from the [property] after the second dog attack, [which occurred on June 21, 2016]." On May 1, 2020, the defendants filed a motion

to strike the original complaint in its entirety on the basis of governmental immunity. On October 13, 2020, the trial court, *Wiese, J.*, over the plaintiff's objection, granted the motion to strike the original complaint, concluding that (1) the parties did not dispute that governmental immunity applied to the plaintiff's claims, and (2) the plaintiff failed to allege facts satisfying the identifiable person element of the identifiable person-imminent harm exception to governmental immunity, such that the exception was inapplicable.

On November 16, 2020, the plaintiff requested permission to file an amended complaint, which the court granted, over the defendants' objection, on December 7, 2020. The plaintiff's amended three count complaint substantively tracked her original complaint, except that she added an allegation that, "[b]ased on the previous attacks that occurred on January 9, 2016 and June 21, 2016 . . . Davis knew or should have known that, as a tenant on the [property], the plaintiff would have been attacked by the pit bulls . . . ."

On January 6, 2021, the defendants filed a motion to strike the plaintiff's amended complaint in toto on the basis of governmental immunity. First, the defendants asserted that the plaintiff failed to allege that Davis had violated a duty, arising from a statute, an ordinance, a rule, or a procedure, requiring him to seize the pit bulls following the June 21, 2016 incident. Even if Davis had such a duty, the defendants posited, that duty was discretionary in nature and, therefore, subject to governmental immunity. Second, the defendants contended that none of the three recognized exceptions to governmental immunity was implicated under the facts pleaded by the plaintiff. With respect to the identifiable person-imminent harm exception, the defendants claimed that the plaintiff failed to plead facts qualifying her as an identifiable person because she did not allege that she was legally compelled to be on the property at the time of the March 17, 2018 incident.

On February 22, 2021, the plaintiff filed an objection to the defendants' motion to strike her amended complaint. The plaintiff conceded that governmental immunity applied to her claims against the defendants, but she argued that she had pleaded facts establishing that she was an identifiable victim for purposes of the identifiable person-imminent harm exception to governmental immunity. The plaintiff contended that Davis "could have foreseen imminent injury" to her, as anyone who came onto the property and who did not own, care for, or have a relationship with the pit bulls was "highly likely" to be attacked by them. The plaintiff further argued that, as a tenant of the property, she was legally compelled to be on the property at the time of the March 17, 2018 incident. On February 24, 2021, the defendants filed a reply brief, inter alia, iterating that the plaintiff was not legally compelled to be on the

property at the time of the March 17, 2018 incident and, therefore, the identifiable person-imminent harm exception did not apply.

On April 9, 2021, following a hearing, the court issued a memorandum of decision granting the defendants' motion to strike the plaintiff's amended complaint. Citing *Borelli* v. *Renaldi*, 336 Conn. 1, 243 A.3d 1064 (2020), and *Kusy* v. *Norwich*, 192 Conn. App. 171, 217 A.3d 31, cert. denied, 333 Conn. 931, 218 A.3d 71 (2019), the court stated that, to determine whether the plaintiff had pleaded facts satisfying the identifiable victim element of the identifiable person-imminent harm exception to governmental immunity, it had to consider whether the plaintiff was legally compelled to be present on the property when the pit bulls attacked her.[3] The court determined that the plaintiff was not legally compelled to be on the property, notwithstanding her status as a tenant of the property. Accordingly, the court concluded that the plaintiff had failed to allege facts demonstrating the applicability of the identifiable person-imminent harm exception and, therefore, her amended complaint was legally insufficient. Thereafter, pursuant to Practice Book § 10-44, the defendants filed a motion for judgment on the stricken amended complaint, which the court granted on May 10, 2021. This appeal followed.

On appeal, the plaintiff does not dispute that the claims in her amended complaint directed to the defendants were subject to governmental immunity in light of the discretionary nature of Davis' alleged conduct.[4] See General Statutes § 52-557n (a) (2) (B).[5] The plaintiff maintains, however, that the court incorrectly concluded that her amended complaint was legally insufficient on the basis that she failed to plead facts satisfying the identifiable victim element of the identifiable person-imminent harm exception to governmental immunity. The plaintiff argues that, contrary to the court's determination, she was legally compelled to be on the property at the time of the March 17, 2018 incident because she was a tenant of the property. We disagree.

We begin by setting forth the following standard of review and legal principles governing our review of the plaintiff's claim. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on the [defendants' motion] is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a [defendant's] motion to strike, all well-

pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Wine* v. *Mulligan*, 213 Conn. App. 298, 302–303, 277 A.3d 912 (2022).

The plaintiff's claim implicates the identifiable person-imminent harm exception to governmental immunity, which is one of three recognized exceptions to that doctrine.[6] *Borelli* v. *Renaldi*, supra, 336 Conn. 28. "Our Supreme Court has recognized an exception to discretionary act immunity that allows for liability when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . . This identifiable person-imminent harm exception has three requirements: (1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm. . . . All three must be proven in order for the exception to apply. . . . [Our Supreme Court has] stated previously that this exception to the general rule of governmental immunity for employees engaged in discretionary activities has received very limited recognition in this state. . . . The exception is applicable only in the clearest of cases. . . .

"An allegedly identifiable person must be identifiable as a potential victim of a specific imminent harm. . . . Although the identifiable person contemplated by the exception need not be a specific individual, the plaintiff must fall within a narrowly defined identified [class] of foreseeable victims. . . . [T]he question of whether a particular plaintiff comes within a cognizable class of foreseeable victims for purposes of this exception to qualified immunity is ultimately a question of policy for the courts, in that it is in effect a question of duty. . . . This involves a mixture of policy considerations and evolving expectations of a maturing society . . . . [T]his exception applies not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims. . . . Our [Supreme Court's] decisions underscore, however, that whether the plaintiff was compelled to be at the location where the injury occurred remains a paramount consideration in determining whether the plaintiff was an identifiable person or member of a foreseeable class of victims. . . .

"Our courts have construed the compulsion to be somewhere requirement narrowly. . . . [T]his court [has previously] concluded that a plaintiff did not satisfy the requirement because [t]he plaintiff [did] not [cite] any statute, regulation or municipal ordinance that compelled her to drive her car on the stretch of [the] [s]treet where [an] accident occurred . . . [and] [did] not [show] that her decision to take [the] particular route

was anything but a voluntary decision that was made as a matter of convenience. [See *DeConti* v. *McGlone*, 88 Conn. App. 270, 275, 869 A.2d 271, cert. denied, 273 Conn. 940, 875 A.2d 42 (2005).] . . . [O]ur Supreme Court [has] determined that a person is not an identifiable victim if he is not legally required to be somewhere and could have assigned someone else to go to the location to complete the task in his place. . . . In *Grady* [v. *Somers*, 294 Conn. 324, 355–56, 984 A.2d 684 (2009)], the municipality did not provide refuse pickup service, and residents could either obtain a transfer station permit and discard their own refuse, or hire private trash haulers to come to their home. . . . Because the plaintiff . . . had the option of hiring an independent contractor to dispose of his refuse, the court did not classify him as an identifiable victim for injuries he sustained when he slipped on an ice patch at the transfer station." (Citations omitted; internal quotation marks omitted.) *Buehler* v. *Newtown*, 206 Conn. App. 472, 482–84, 262 A.3d 170 (2021); see *Borelli* v. *Renaldi*, supra, 336 Conn. 29 (no legal compulsion for decedent to be passenger in motor vehicle); *Buehler* v. *Newtown*, supra, 487 (no legal compulsion for plaintiff to officiate volleyball match at school); *Kusy* v. *Norwich*, supra, 192 Conn. App. 185 (no legal compulsion for plaintiff to be at school when carrying out contractual duty to deliver milk); see also *St. Pierre* v. *Plainfield*, 326 Conn. 420, 424, 438, 165 A.3d 148 (2017) (plaintiff "was in no way compelled to attend" aqua therapy sessions at municipal pool).

"Our Supreme Court has noted that [t]he only identifiable class of foreseeable victims that [the court has] recognized . . . is that of schoolchildren attending public schools during school hours . . . . Students attending public school during school hours are afforded this special designation as identifiable victims because they were intended to be the beneficiaries of particular duties of care imposed by law on school officials; they [are] legally required to attend school rather than being there voluntarily; their parents [are] thus statutorily required to relinquish their custody to those officials during those hours; and, as a matter of policy, they traditionally require special consideration in the face of dangerous conditions. . . . Accordingly, this court has consistently held that students who are injured outside of school hours do not fall within the class of identifiable victims under the identifiable victim-imminent harm exception." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Buehler* v. *Newtown*, supra, 206 Conn. App. 484–85.

Applying the aforementioned binding legal principles, we conclude that the plaintiff did not plead facts in her amended complaint demonstrating that she was an identifiable victim or a member of an identifiable class of foreseeable victims for purposes of the identifiable person-imminent harm exception to governmental

immunity.[7] The plaintiff's amended complaint did not contain allegations demonstrating that she was legally compelled to be at the property when the pit bulls attacked her. The plaintiff did not allege that her tenancy was required by law; indeed, the only logical reading of the amended complaint is that the plaintiff's residence at the property as a tenant was purely voluntary. In addition, the only identifiable class of foreseeable victims that our case law has recognized in connection with this exception is that of schoolchildren attending public schools during school hours. See id. The plaintiff does not fall within that class, and we decline to recognize any additional classes of individuals who may be identifiable victims beyond that demarcated limit. See *Kusy* v. *Norwich*, supra, 192 Conn. App. 187 (declining "to extend the classes of individuals who may be identifiable victims beyond the narrow confines of children who are statutorily compelled to be on school grounds during regular school hours"). For these reasons, we conclude that the court did not commit error in striking the plaintiff's amended complaint as legally insufficient.[8]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff's amended complaint refers to a single owner of the pit bulls when discussing the incident of January 9, 2016, as well as the subsequent incident of March 17, 2018, and to multiple owners of the pit bulls vis-à-vis the June 21, 2016 incident.

[2] The plaintiff's amended complaint is silent as to whether Davis took any actions in response to the incidents of June 21, 2016, and March 17, 2018.

[3] The court did not expressly address whether the plaintiff's claims in her amended complaint were subject to governmental immunity. In granting the defendants' motion to strike the plaintiff's amended complaint, however, the court indicated that it was incorporating by reference its October 13, 2020 decision granting the defendants' motion to strike the plaintiff's original complaint. In its October 13, 2020 decision, the court stated that the plaintiff had conceded that governmental immunity applied to her claims. Moreover, the record reflects that the parties did not dispute that the plaintiff's claims were subject to governmental immunity.

[4] In her amended complaint, the plaintiff alleged that, as an animal control officer employed by the city, Davis' responsibilities "included, but [were] not limited to, identifying dangerous dogs in the city . . . and removing them and/or quarantining them," and that, following the June 21, 2016 incident, Davis should have removed the pit bulls from the property. The parties do not address in their respective appellate briefs whether the plaintiff sufficiently alleged that Davis owed her a duty of care vis-à-vis the pit bulls. For purposes of our analysis, we assume that the plaintiff adequately alleged that a duty of care existed.

[5] General Statutes § 52-557n (a) (2) provides in relevant part: "Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."

"[Section] 52-557n abandons the common-law principle of municipal sovereign immunity and establishes the circumstances in which a municipality may be liable for damages. . . . One such circumstance is a negligent act or omission of a municipal officer acting within the scope of his or her employment or official duties. . . . [Section] 52-557n (a) (2) (B), however, explicitly shields a municipality from liability for damages to person or property caused by the negligent acts or omissions [that] require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law. . . . Accordingly, a municipality is entitled to immunity for discretionary acts performed by municipal officers or employees . . . .

"Municipal officials are immunized from liability for negligence arising out of their discretionary acts in part because of the danger that a more expansive exposure to liability would cramp the exercise of official discretion beyond the limits desirable in our society. . . . Discretionary act immunity reflects a value judgment that—despite injury to a member of the public—the broader interest in having government officers and employees free to exercise judgment and discretion in their official functions, unhampered by fear of second-guessing and retaliatory lawsuits, outweighs the benefits to be had from imposing liability for that injury." (Citations omitted; internal quotation marks omitted.) *Buehler* v. *Newtown*, 206 Conn. App. 472, 481–82, 262 A.3d 170 (2021).

[6] "The other two exceptions are: where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; and . . . where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Internal quotation marks omitted.) *Borelli* v. *Renaldi*, supra, 336 Conn. 28 n.14. Only the identifiable person-imminent harm exception is germane to this appeal.

[7] As this court noted in a recent decision, "[a]t least three members of our Supreme Court recently have observed that the court's application of the identifiable person-imminent harm exception, particularly with respect to the identifiable person prong of the exception, may be doctrinally flawed, unduly restrictive, and/or ripe for revisiting in an appropriate future case. See *Borelli* v. *Renaldi*, supra, 336 Conn. 34, 59–60 n.20 (*Robinson, C. J.*, concurring); id., 67 (*D'Auria, J.*, concurring); id., 67–113, 146–54 (*Ecker, J.*, dissenting). Nevertheless, this court is required to follow binding Supreme Court precedent unless and until our Supreme Court sees fit to alter it." *Buehler* v. *Newtown*, supra, 206 Conn. App. 488 n.14.

[8] As an alternative ground for affirmance, the defendants argue that the plaintiff failed to allege that she was subject to imminent harm for purposes of the identifiable person-imminent harm exception to governmental immunity. It is not necessary for us to address this issue in light of our conclusion that the plaintiff failed to plead facts satisfying the identifiable victim element of the exception. See *Kusy* v. *Norwich*, supra, 192 Conn. App. 187 n.9 (declining to address whether plaintiff was subject to imminent harm after concluding that plaintiff was not identifiable victim, as "[a]ll three [elements] must be proven in order for the exception to apply" (internal quotation marks omitted)). Nevertheless, we note that, following the June 21, 2016 incident, there were no reported dog attacks by the pit bulls on the property until nearly two years later, on March 17, 2018, when the pit bulls allegedly attacked the plaintiff. Thus, the facts pleaded by the plaintiff did not establish that there was a sufficiently high probability that she would be harmed by the two pit bulls on the property. See *Williams* v. *Housing Authority*, 159 Conn. App. 679, 705–706, 124 A.3d 537 (2015) (setting forth four part test to satisfy imminent harm element of identifiable person-imminent harm exception, including that (1) "the likelihood of the harm must be sufficient to place upon the municipal defendant a clear and unequivocal duty . . . to alleviate the dangerous condition" and (2) "the probability that harm will occur must be so high as to require the defendant to act immediately to prevent the harm" (citation omitted; emphasis omitted; internal quotation marks omitted)), aff'd, 327 Conn. 338, 174 A.3d 137 (2017).